UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY L. LEWIS,

    Applicant,

v.                                                                 CASE NO. 8:24-cv-2865-SDM-LSG

STATE OF Florida,

    Respondent.
_____/

## **ORDER**

Lewis is imprisoned for life under a state court judgment for first degree murder. Lewis filed a paper with the United States District Court, Southern District of Florida, Ft. Pierce Division, which court transferred the paper to this district because the action challenges Lewis's sentence imposed by the Tenth Judicial Circuit Court in Polk County, Florida. The caption of the paper shows that Lewis intended to file his action in the Tenth Judicial Circuit Court; the body of the paper shows that Lewis challenges his sentence in a "Motion to Correct Illegal Sentence" under Rule 3.800, Florida Rules of Criminal Procedure; and the certificate of service attached to the paper attests that Lewis mailed a copy of the paper to both the clerk for the Tenth Judicial Circuit Court and the State Attorney for the Tenth Judicial Circuit Court. Nothing in the paper implies Lewis's intent to file a federal action.

A review of the online docket for the Tenth Judicial Circuit Court shows both that Lewis was convicted and sentenced in 1981 and that he challenged neither the conviction nor the sentence until he filed a "Motion to Correct Illegal Sentence" on December 9, 2024[1] — the "Motion to Correct Illegal Sentence" transferred to this district was received by the other district on December 10, 2024. The state court denied the motion a week later. This court takes judicial notice of the state court's records. *See United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts."); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining that documents in another court may be judicially noticed); *see also* Rule 201(b)(2), Fed. R. Evi. ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Consequently, the paper filed in this action is apparently a copy of the motion Lewis filed in state court and not a paper intending to commence a federal action. Moreover, a challenge to the 1981 state court judgment is probably barred by the federal one-year statute of limitation.[2]

---

[1] The state court's online docket is available by searching under Lewis's name at https://pro.polkcountyclerk.net/PRO/PublicSearch/PublicSearch.

[2] Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."

The "Motion to Correct Illegal Sentence" (Doc. 1) is **DISMISSED**. The clerk must close this case.

ORDERED in Tampa, Florida, on March 19, 2025.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE